IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**UNITED STATES OF AMERICA**

v.                                                                                               Criminal Case No. 4:24cr45

**CEARA SMITH,**

          **Defendant**

### POSITION OF DEFENDANT WITH RESPECT TO SENTENCING

COMES NOW, the Defendant, CEARA SMITH, by and through counsel, and files this position with respect to the sentencing factors and material facts set forth in the presentence report. Defense counsel has noted objections to the independent investigation conducted by the probation office contained in her PSR at paragraphs 11 through 36. At this time, defense counsel has no evidence to establish the facts in these paragraphs are in error, and therefore must withdraw her objection. However, the Defendant must proceed on her objection to the inclusion of paragraph 15 as relevant conduct although it has no substantive effect on her guideline calculation.

Additionally, Defendant must withdraw her objection to the 2-level enhancement under USSG §2B1.1(b)(2)(A)(iii) for substantial financial hardship. Finally, as it relates to paragraph 45 and the 2-level enhancement for sophisticated means under USSG §2B1.1(b)(10)(C), Defendant maintains that this enhancement should not apply based upon her conduct as listed in the PSR. Therefore, Defendant argues that her guidelines should be at level 21, with a criminal

1

history category II, resulting in a guideline sentence of 41-51 months, with an additional 24-months for the aggravated identity theft.

Defendant asserts that a sentence even at the low end of 41 months is greater than necessary to reflect the sentencing factors contained within 18 U.S.C. § 3553(a), and therefore requests that the court sentence her to the mandatory minimum sentence of 24-months.

### Background

Ceara Smith was named in a two count information filed by the United States on July 9, 2024, on one count involving a violation of 18 U.S.C. §§ 1344 and 2, Bank Fraud, and one count involving a violation of 18 U.S.C. §§ 1028 (A) and 2, Aggravated Identity Theft.  Defendant entered a plea of guilty to the information on July 23, 2024, pursuant to a written plea agreement and she is now before the Court for sentencing.

### Argument

1.  **Relevant Conduct**

In determining whether conduct is attributable to a defendant under the relevant conduct provision the guidelines look to a defendant's acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction."  See, USSG § 1B1.3(a).  The guidelines recognize that the common scheme or plan and same course of conduct are two closely related concepts and provide separate definitions for each.  Offenses are part of a common scheme or plan when they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." Id.,§ 1B1.3, cmt. n.5(B).  On the other hand, "[o]ffenses that do not

2

qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." Id.,§ 1B1.3, cmt. n.5(B).

In the present matter, Defendant's PSR references the arrest of a "unrelated individual" on April 8, 2023 and her alleged conduct subsequent to that arrest.  See ECF # 19, (PSR, paragraph 15.)  It is the Defendant's position that there is nothing in this paragraph that relates to either of her bank fraud or identity theft offenses.  Defendant was not charged with any criminal act relating to this paragraph, but even if taken as true, the conduct presented in paragraph 15 has no relation to her guidelines and cannot be considered as part of the same course of conduct, or common scheme or plan, as the offense of conviction.  Defendant therefore submits that paragraph 15 should be removed from her PSR as it cannot be attributable to her as relevant conduct under USSG § 1B1.3.

**2. Sophisticated Means**

USSG § 2B1.1(b)(10)(C) provides for a two-level enhancement when the "offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means…" However, "sophistication requires more than the concealment or complexities inherent in fraud." United States v. Jinwright, 683 F.3d 471, 486 (4th Cir.2012).  "Indeed, virtually all bank fraud will involve misrepresentation, which includes unauthorized acquisition and use of another's information." United States v. Adepoju, 756 F.3d 250, 257 (4th Cir. 2014).  "However, an enhancement can only be applied when there is proof of

3

complexity beyond the minimum conduct required to establish a violation of 18 U.S.C. § 1344 in its simplest form." United States v. Savage, 885 F.3d 212, 228 (4th Cir. 2018).

In the present matter, Defendant's conduct involved loan applications and phone calls with the bank's fraud department claiming to be the person whose identity she had admittedly assumed in order to perpetrate her fraud. There were even several instances of her claiming to be other persons who worked in different branches of the banks she was attempting to deceive in her efforts to obtain additional funds, or releases of holds on the accounts she had set up. However, nothing about her interactions were remotely sophisticated, intricate, or otherwise especially complex. The bulk and entirety of Defendant's overall scheme consisted of phone calls and her pretending to be someone else all while using her own voice. Defendant's primary reliance on telephonic communications to avoid in person meetings is not particularly sophisticated and therefore, the enhancement under USSG § 2B1.1(b)(10)(C) is not appropriate.

3. **18 U.S.C. § 3553 factors**

Aside from the above objections to her presentence report, the Defendant's position regarding the sentencing guidelines recommended in her case is that the guidelines reflect a sentence greater than that which is needed to address the factors listed in 18 U.S.C. § 3553(a). In *United States v. Booker*, the Supreme Court held that sentencing guidelines are not mandatory for a trial court to follow and are merely advisory. 543 U.S. 220 (2005). Pursuant to 18 U.S.C. § 3553(a) "The court shall impose a sentence sufficient, but not greater than necessary, …" and in addressing the need for the sentence imposed the Court, shall consider—

> **"(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;

4

> **(C)** to protect the public from further crimes of the defendant; and
>
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553 (a)(2).

The Court should consider all of the 3553(a) factors to determine a sentence and, "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Id., at 52, (quoting Koon v. United States, 518 U.S. 81, 98, (1996)).

While Defendant reluctantly acknowledges that her release forms have not been received by probation, and this has resulted in the denial of acceptance of responsibility, Defendant did plead guilty to a criminal information and admitted her involvement in the offense during her presentence interview. According to her interview, Defendant reports of being the victim of sexual abuse at age 7, again at age 11, and then being the victim of sex trafficking beginning in 2022 to the end of 2023, which would be during portions of the relevant conduct of this matter. Defendant also reports of being diagnosed with schizophrenia, bipolar disorder, and attention-deficit disorder at age 15, and again in 2023. Defendant further reported of substance abuse issues, including the use of cocaine and heroin, during her reported period of time while being sex trafficked. It is therefore Defendant's position that the court consider a variance from the recommended guidelines based upon her reported issues contained in the presentence report. Furthermore, Defendant submits that a variance may be warranted when considering that she did

acknowledge her guilt in a timely fashion and admitted her role in the offense both in court and to probation. Were the Court to consider her guidelines without the enhancement for sophisticated means, and if she were to receive acceptance of responsibility, Defendant's guidelines would fall to a range of 30-37 months, plus 24-months for the aggravated identity theft. While this range would be more reflective of her conduct, the Defendant would ultimately ask that the Court consider sentencing her to the mandatory minimum sentence of 24-months, as a sentence sufficient, but not greater than necessary.

                                                                                      Respectfully Submitted,
CEARA SMITH

By:_____/s/_____
Nicholas R. Hobbs, Esq.

By_____/s/_____
Nicholas R. Hobbs, Esq.
Virginia Bar # 71083
Attorney for Defendant
133 King's Way, Ste. 3000
Hampton, VA 23669
757-723-1991 phone
757-723-8023 fax
nhobbs@4000law.com

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2024, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF) to the following: Alyson Yates, Assistant United States Attorney, Fountain Plaza Three Suite 300, 721 Lakefront Commons, Newport News, Virginia 23606.

By_____/s/_____
Nicholas R. Hobbs, Esq.
Virginia Bar # 71083
Attorney for Defendant
133 King's Way, Ste. 3000
Hampton, VA 23669
757-723-1991 phone
757-723-8023 fax
nhobbs@4000law.com

I hereby further certify that on the 11th day of December, 2024, I caused a true and correct copy of the foregoing to be mailed via email to the following:

Latriston Cox
U.S. Probation Officer
600 Granby Street
Suite 200
Norfolk, VA 23510